1  MELINDA L. HAAG (CSBN132612)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  JUAN D. WALKER (CSBN 208008)
   Assistant United States Attorney
4    450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
5     Telephone: (415) 436-6915
      Facsimile:  (415) 436-6927
6     Email: juan.walker@usdoj.gov

7  Attorneys for the Federal Defendant

8  LEWIS BRISBOIS BISGAARD & SMITH LLP
   CHRISTOPHER J. NEVIS, SB# 162812
9  E-Mail: nevis@lbbslaw.com
   MICHAEL S. ROMEO, SB# 180978
10 E-Mail: romeo@lbbslaw.com
   One Sansome Street, Suite 1400
11 San Francisco, California 94104
   Telephone: (415) 362-2580
12 Facsimile: (415) 434-0882

13 Attorneys for Defendant WEST BAY BUILDERS, INC.

14 LAW OFFICES OF CLARK W. PATTEN
   Clark W. Patten (SBN 77707)
15 21C Orinda Way #362
   Orinda, CA 94563
16 E-mail: cpattenesq@gmail.com
   Attorneys for Plaintiff ABF FREIGHT SYSTEMS, INC.

17

18                    UNITED STATES DISTRICT COURT

19                  NORTHERN DISTRICT OF CALIFORNIA

20                      SAN FRANCISCO DIVISION

21

22 ABF FREIGHT SYSTEMS, INC.,        )    No. C-10-5188 SI
                                     )
23        Plaintiff,                 )    **JOINT CASE MANAGEMENT**
                                     )    **STATEMENT AND [PROPOSED] ORDER**
24     v.                            )    **TO CONTINUE INITIAL CASE**
                                     )    **MANAGEMENT CONFERENCE**
25 UNITED STATES OF AMERICA, WEST )
   BAY BUILDERS,                     )
26                                   )
          Defendants.                )
27 _____  )

28

   STIPULATION AND [PROPOSED] ORDER
   TO  CONTINUE INITIAL CMC
   C 10-5188 SI                          1

Pursuant to Federal Rule of Civil Procedure 26 and the Order Setting Case Management Conference and ADR Deadlines, the parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**1. JURISDICTION AND SERVICE**

This action is brought under the Federal Tort Claims Act, 28 U.S.C. sec. 1346(b)(1). Service has been completed.

**2. FACTS**

   **A. Brief chronology of the facts:**

<u>Plaintiff</u>: Plaintiff alleges that on or about December 12, 2008, its employee, Thomas Mills, was delivering or picking up materials from the Department of Homeland Security at 630 Sansome Street, San Francisco, California.  While exiting the building at the Jackson Street shipping and receiving area, Thomas Mills slipped and fell on a metal ramp associated with the raised loading dock. The metal ramp was wet and thus provided a less than adequate slip resistance to Thomas Mills, thereby creating a hazardous, dangerous and unsafe condition for those walking on the metal ramp.  The Federal Defendant and West Bay, an agent doing work for the Federal Defendant in and around the building, knew or should have known of the danger and negligently failed to warn of the danger. As a result of Thomas Mills' fall he sustained injuries to his low back, neck, right shoulder, and right upper extremity, which caused him to be medically disabled from working in his usual and customary job for Plaintiff.  Plaintiff seeks $200,000 in reimbursement of the past and future workers' compensation benefits paid to and on behalf of Thomas Mills as a result of the December 12, 2008 incident.

<u>Federal Defendant</u>: The Federal Defendant denies the allegations.

<u>West Bay Builders</u>: West Bay Builders denies the allegations.

   **B. The principal factual issues in dispute:**

The parties believe the following factual issues are presently in dispute:

(1) Whether the Plaintiff's alleged damages were proximately caused by the negligent or otherwise

wrongful acts or omissions of Defendants.

(2) Whether the Plaintiff's alleged damages were proximately caused by negligent or otherwise

wrongful acts or omissions of the Plaintiff and/or a third party.

(3) The percentage of fault of the Plaintiff, other third party and/or Defendants in causing the

damages alleged by the Plaintiff.

(4)  The amount and nature of Plaintiff's damages, if any.

**3. LEGAL ISSUES**

The parties believe the following legal issues are presently in dispute:

(1)  Whether Plaintiff can prove the damages claimed in the complaint resulted from

Defendants' negligence.

(2) Whether Plaintiff is entitled to the damages claimed in the complaint.

**4.  MOTIONS**

No prior motions have been filed, and no motions are pending.

**5.  AMENDMENT OF PLEADINGS**

None at this time.

**6.  EVIDENCE PRESERVATION**

<u>Plaintiff</u>: Plaintiff has put in place a litigation hold and has directed all relevant individuals

at the agency to retain all records and documents regarding the above-captioned case

<u>Federal Defendant</u>:  The Federal Defendant has put in place a litigation hold and has

directed all relevant individuals at the agency to retain all records and documents regarding the

above-captioned case.

<u>West Bay Builders</u>: West Bay Builders has put in place a litigation hold and has directed all

relevant individuals at the company to retain all records and documents regarding the above-

captioned case.

**7.  DISCLOSURES**

The parties have agreed to serve initial disclosures pursuant to Federal Rule of Civil

Procedure 26 on or before the date of the Initial Case Management Conference.

STIPULATION AND [PROPOSED] ORDER
TO  CONTINUE INITIAL CMC
C 10-5188 SI                                              3

**8. DISCOVERY**

The parties have discussed a discovery plan for this case.  Discovery will be needed on the following subjects: (1) the circumstances giving rise to and the facts surrounding the accident in question; and (2) the scope, nature and extent of Plaintiff's claims for damages.  To that end, the parties anticipate propounding interrogatories, requests for admission, and requests for production of documents, and anticipate the depositions of relevant witnesses identified in their initial disclosures.  Furthermore, the parties will designate experts to, among other issues, determine the extent to which, if at all, the accident caused or contributed to the medical treatment that Plaintiff's employee received subsequent to the date of the accident.  Defendants may request an Independent Medical Examination of Plaintiff's employee.

At this time, the parties do not foresee issues concerning disclosure or discovery of electronically stored information and expect that production of electronically stored information in paper form will suffice.

The parties request that the usual discovery limitations set forth in the Federal Rule of Civil Procedure and Civil Local Rules, including the 25-interrogatory limit under Rule 33 apply. However, the parties expect extensive deposition discovery and request a 20-deposition limit instead of the usual 10 deposition limit under Rule 30.

**9. CLASS ACTIONS**

Not applicable.

**10.  RELATED CASES**

**State Court Case:**  On December 9, 2010, Thomas Mills, Plaintiff's employee, filed a lawsuit in San Francisco Superior Court captioned *Thomas Mills v. West Bay Builders, Inc. et al.*, Case No. GCG-505005.  The suit is against West Bay Builders and Security Consultants Group, Inc., the independent contractor who provides security at the 230 Sansome Street location. The lawsuit seeks damages for personal injuries resulting from the same occurrence as the instant matter.

STIPULATION AND [PROPOSED] ORDER
TO  CONTINUE INITIAL CMC
C 10-5188 SI                                   4

**Federal Court Case:**  On September 20, 2011, Thomas Mills, Plaintiff's employee, filed a complaint in this district on captioned, *Thomas Mills v. United States of America*, Case No. CV-11-4663 (JCS).  The complaint seeks damages for personal injuries resulting from the same occurrence as the instant matter.

**11.  RELIEF**

Plaintiffs: Plaintiff seeks judgment against Defendants in the sum of $200,000.

Federal Defendant:  Defendant seeks no damages in this action, other than dismissal and costs.

West Bay Builders: Defendant seeks no damages in this action, other than dismissal and costs.

**12.  SETTLEMENT AND ADR**

The parties are willing to engage in mediation the Court-administered ADR department after discovery has progressed sufficiently for a meaningful session.

**13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to a magistrate judge.

**14.  OTHER REFERENCES**

None at this time.

**15.  NARROWING OF ISSUES**

None at this time.

**16.  EXPEDITED SCHEDULE**

The parties do not believe an expedited schedule is appropriate for this case.

**17.  SCHEDULING**

Please see Paragraph 20 below.

**18.  TRIAL**

By statute, trial in this action will be a bench trial.  The parties anticipate that trial will last four days.

**19.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

STIPULATION AND [PROPOSED] ORDER
TO  CONTINUE INITIAL CMC
C 10-5188 SI                                          5

1    Plaintiff:   Plaintiff has filed the appropriate disclosure.

2    Defendant West Bay Builders: West Bay Builders has filed the appropriate disclosure.

3    Federal Defendant:  As a governmental entity, defendant is exempt from the disclosure

4  requirement of Civil Local Rule 3-16.

5  **20.  OTHER MATTERS THAT MAY FACILITATE DISPOSITION**

6      Shortly, the parties intend, either by stipulation or administrative motion, to request that the

7  Court relate and consolidate the two federal district court matters.  Assuming that the cases

8  will be related and consolidated, the parties propose that the Court continue the Initial Case

9  Management Conference to December 16, 2011. (The last day for the Federal Defendant to

10  answer the Complaint which was filed on September 20, 2011, and served on October 6, 2011,

11  is December 5, 2011.) At that time, the case will be at issue and all of the relevant parties will

12  be before the Court.

13

14  DATED: October 20, 2011              MELINDA L. HAAG
                                          United States Attorney
15

16                                              /s/
                                          JUAN D. WALKER
17                                        Assistant United States Attorney
                                          Attorneys for Federal Defendant
18   DATED: October 20, 2011              LEWIS BRISBOIS BISGAARD & SMITH LLP

19

20                                              /s/
21                                        MICHAEL S. ROMEO
                                          Attorneys for Defendant WEST BAY
22

23  DATED: October 20, 2011              LAW OFFICE OF CLARK W. PATTEN

24

25                                              /s/
                                          CLARK W. PATTEN
26                                        Attorneys for Plaintiff ABF

27

28
   STIPULATION AND [PROPOSED] ORDER
   TO  CONTINUE INITIAL CMC
   C 10-5188 SI                          6

1

**[PROPOSED] ORDER**

2       The Initial Case Management Conference is continued from October 28, 2011 to December 16,

3  2011 at 2:30pm, and the parties will file a Joint Case Management Conference Statement one

4  week prior to the Initial Case Management Conference.

5

6  Dated:___10/24/11_____          _____

7                                                                    SUSAN ILSTON
                                                                      United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER
TO  CONTINUE INITIAL CMC
C 10-5188 SI                                        7