1 | Albert G. Stoll, Jr. (SBN 164649)
Courtney Cassinelli (SBN 242614)
2 | Albert G. Stoll, Jr.-A Law Corporation
55 Francisco Street, Ste. 403
3 | San Francisco, CA 94133
Telephone:    (415) 576-1500
4 | Facsimile:    (415) 576-1501
Email: astoll@stoll-law.com
5 | Email: courtney@stoll-law.com

6 | Attorneys for Plaintiff
THOMAS MILLS
7 |
LAW OFFICES OF CLARK W. PATTEN
8 | Clark W. Patten (SBN 77707)
1630 North Main Street, # 441
9 | Walnut Creek, CA 94596-4609
Telephone:    (925) 258-9309
10 | Facsimile:    (925) 258-9569
Email: cpattenesq@gmail.com
11 |
Attorney for Plaintiff
12 | ABF FREIGHT SYSTEMS, INC.

13 | MELINDA HAAG (CSBN 132612)
United States Attorney
14 | ALEX G. TSE (CSBN 152348)
Chief, Civil Division
15 | NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney
16 |
       450 Golden Gate Avenue, Box 36055
17 |    San Francisco, California 94102-3495
       Telephone: (415) 436-7155
18 |    FAX: (415) 436-6748
       neill.tseng@usdoj.gov
19 |
Attorneys for Defendant
20 | UNITED STATES OF AMERICA

21 | UNITED STATES DISTRICT COURT

22 | NORTHERN DISTRICT OF CALIFORNIA

23 | SAN FRANCISCO DIVISION

24 |

25 |

26 |

27 |

28 |

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER
C 10-5188 SI                                                  1

| | |
|---|---|
| 1  ABF FREIGHT SYSTEMS, INC., | CASE NO. C 10-5188 SI |
| 2       Plaintiff, | (consolidated with C 11-04663 SI) |
| 3       v. | |
| 4  UNITED STATES OF AMERICA, *et al.*, | **STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER** |
| 5       Defendants. | |
| 6  THOMAS MILLS, | |
| 7       Plaintiff, | |
| 8       v. | |
| 9  UNITED STATES OF AMERICA, *et al.*, | |
| 10       Defendants. | |

11

12     It is hereby stipulated by and between Plaintiff ABF FREIGHT SYSTEMS, INC. ("Plaintiff

13 ABF"), Plaintiff THOMAS MILLS ("Plaintiff Mills") (collectively, "Plaintiffs"), and Defendant

14 UNITED STATES OF AMERICA ("Defendant USA"), by and through their respective attorneys, as

15 follows:

16     WHEREAS, Plaintiff ABF filed civil action number C 10-5188 on November 16, 2010;

17     WHEREAS, Plaintiff Mills filed civil action number C 11-4663 on September 20, 2011;

18     WHEREAS, civil action number C 11-4663 was related to and consolidated with civil action

19 number C 10-5188 on December 12, 2011;

20     WHEREAS, Plaintiffs and Defendant USA wish to avoid any further litigation and controversy

21 and to settle and compromise fully any and all claims and issues that have been raised, or could have

22 been raised, against Defendant USA in the above-captioned consolidated action, which have transpired

23 prior to the execution of this Settlement Agreement ("Agreement");

24     NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and

25 other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as

26 follows:

27     1. **Agreement to Compromise Claims**. Plaintiffs and Defendant USA do hereby agree to settle

28 and compromise each and every claim against Defendant USA of any kind, whether known or unknown,

1   arising directly or indirectly from the acts or omissions that gave rise to the above-captioned

2   consolidated action under the terms and conditions set forth in this Agreement.

3       2. **Definition of "United States of America."** As used in this Agreement, the United States of

4   America shall include its current and former agents, servants, employees, and attorneys, as well as the

5   General Services Administration and/or its current and former agents, servants, employees, and

6   attorneys, as well as the Federal Protective Service and/or its current and former agents, servants,

7   employees, and attorneys.

8       3. **Settlement Amount.** The United States of America agrees to pay to Plaintiff Mills the sum

9   of fifty thousand dollars ($50,000.00) ("Settlement Amount"), which sum shall be in full settlement and

10  satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature,

11  arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal

12  injuries, damage to property and the consequences thereof, resulting, and to result, from the subject

13  matter of this settlement, including any claims for wrongful death, for which Plaintiffs or their

14  guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter

15  acquire against the United States of America.

16      4. **Consideration Received by Plaintiff ABF.** Plaintiff ABF will not receive any payment from

17  Defendant USA as a result of this Agreement, but will receive consideration in the form of a credit in its

18  workers compensation case with Plaintiff Mills as a result of the Settlement Amount to be paid by

19  Defendant USA to Plaintiff Mills under this Agreement. This consideration shall be in full settlement

20  and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and

21  nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen

22  personal injuries, damage to property and the consequences thereof, resulting, and to result, from the

23  subject matter of this settlement, including any claims for wrongful death, for which Plaintiffs or their

24  guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter

25  acquire against the United States of America.

26      5. **Release.** Plaintiffs and their guardians, heirs, executors, administrators or assigns hereby

27  agree to accept the Settlement Amount and the consideration set forth in paragraph 4 above in full

28  settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever

1  kind and nature, including claims for wrongful death, arising from, and by reason of any and all known

2  and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences

3  thereof which they may have or hereafter acquire against the United States of America on account of the

4  same subject matter that gave rise to the above-captioned consolidated action, including any future claim

5  or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory

6  or exemplary damages.  Plaintiff Mills and his guardians, heirs, executors, administrators or assigns

7  further agree to reimburse, indemnify and hold harmless the United States of America from and against

8  any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to

9  or resulting from further litigation or the prosecution of claims by Plaintiff Mills or his guardians, heirs,

10  executors, administrators or assigns against any third party or against the United States, including claims

11  for wrongful death.  Plaintiff ABF Freight Systems, Inc. and its executors, administrators or assigns

12  further agree to reimburse, indemnify and hold harmless the United States of America from and against

13  any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to

14  or resulting from further litigation or the prosecution of claims by ABF Freight Systems, Inc. or its

15  executors, administrators or assigns against the United States for reimbursement of past or future claims

16  for workers' compensation benefits paid to, or on behalf of, Thomas Mills, arising out of the incident

17  that is the subject of this Stipulation for Compromise Settlement and Release.

18      6. **Dismissal of Action**.  In consideration of the payment of the Settlement Amount, the

19  consideration set forth in paragraph 4 above, and the other terms of this Agreement, Plaintiffs shall

20  immediately upon execution of this Agreement also execute a Stipulation to Dismiss With Prejudice All

21  Claims Against Defendant USA; [Proposed] Order, a copy of which is attached hereto as Exhibit A.

22  The Stipulation to Dismiss With Prejudice All Claims Against Defendant USA; [Proposed] Order shall

23  dismiss, with prejudice, all claims asserted in this consolidated action, or that could have been asserted

24  in this consolidated action, against Defendant USA.  The fully executed Stipulation to Dismiss With

25  Prejudice All Claims Against Defendant USA; [Proposed] Order will be held by Defendant USA's

26  attorney and will be filed within five (5) business days of receipt by Plaintiff Mills's attorney of the

27  Settlement Amount.

28      7. **No Admission of Liability**.  This stipulation for compromise settlement is not intended to be,

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER
C 10-5188 SI                                          4

1  and should not be construed as, an admission of liability or fault on the part of the United States, and it

2  is specifically denied that it is liable to the Plaintiffs. This settlement is entered into by all parties for the

3  purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

4       8. **Parties Bear Their Own Costs**. It is also agreed, by and among the parties, that the

5  respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by

6  the Plaintiffs will be paid out of the Settlement Amount and not in addition thereto.

7       9. **Attorney's Fees**. It is also understood by and among Plaintiffs and Defendant USA that

8  pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in

9  connection with this consolidated action shall not exceed 25 per centum of the amount of the

10  compromise settlement.

11       10. **Authority**. The persons signing this Agreement warrant and represent that they possess full

12  authority to bind the persons on whose behalf they are signing to the terms of the settlement.

13       11. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section

14  1542 are set forth below:

15      "A general release does not extend to claims which the creditor does not know or suspect
16      to exist in his or her favor at the time of executing the release, which if known by him or
    her must have materially affected his or her settlement with the debtor."

17       Plaintiffs, having been apprised of the statutory language of Civil Code Section 1542 by their

18  attorneys, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights

19  they may have pursuant to the provision of that statute and any similar provision of federal law.

20  Plaintiffs understand that, if the facts concerning Plaintiffs' injuries and the liability of the government

21  for damages pertaining thereto are found hereinafter to be other than or different from the facts now

22  believed by them to be true, the Agreement shall be and remain effective notwithstanding such material

23  difference.

24       12. **Payment by Check**. Payment of the Settlement Amount will be made by check drawn on

25  the Treasury of the United States for fifty thousand dollars ($50,000.00) and made payable to "Albert G.

26  Stoll, Jr., ALC and Thomas Mills." The check will be mailed or otherwise delivered to Plaintiff Mills's

27  attorney at the following address: Albert G. Stoll, Jr.-A Law Corporation, 55 Francisco Street, Ste. 403,

28  San Francisco, CA 94133. Plaintiff Mills's attorney agrees to distribute the settlement proceeds to

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER
C 10-5188 SI                  5

Plaintiff Mills. Plaintiffs and their attorneys have been informed that payment of the Settlement Amount may take sixty (60) days or more from the date that the Court "so orders" this Agreement to process.

13. **Tax Liability.** If any withholding or income tax liability is imposed upon Plaintiffs or Plaintiffs' counsel based on payment of the Settlement Amount, Plaintiffs or Plaintiffs' counsel shall be solely responsible for paying any such determined liability from any government agency. Nothing in this Agreement constitutes an agreement by the United States of America concerning the characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

14. **Construction**. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

15. **Severability.** If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

16. **Integration.** This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

1

2   DATED:                 _Thomas Mills_   3-31-13

3                            THOMAS MILLS
                            Plaintiff

4

5                             ALBERT G. STOLL JR., A Law Corporation

6   DATED: 5/10/2013

7                             ALBERT G. STOLL JR
                            Attorney for Plaintiff THOMAS MILLS

8

9                             LAW OFFICE OF CLARK W. PATTEN

10   DATED:

11                             _____
                            CLARK W. PATTEN
                            Attorney for Plaintiff ABF FREIGHT SYSTEMS,
                            INC.

12

13                             MELINDA HAAG
                            United States Attorney

14

15   DATED:

16                             _____
                            NEILL T. TSENG
                            Assistant United States Attorney
                            Attorneys for Defendant USA

17

18        PURSUANT TO STIPULATION, IT IS SO ORDERED.

19

20   DATED:

21                             _____
                            HONORABLE SUSAN ILLSTON
                            UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER
C 10-5188 SI                             7

1

2   DATED:

3                                                   _____
                                                    THOMAS MILLS
                                                    Plaintiff
4

5                                                   ALBERT G. STOLL JR., A Law Corporation

6   DATED:
                                                    _____
7                                                   ALBERT G. STOLL JR
                                                    Attorney for Plaintiff THOMAS MILLS
8
                                                    LAW OFFICE OF CLARK W. PATTEN
9

10  DATED: 2 6 June 2013
                                                    _____
11                                                  CLARK W. PATTEN
                                                    Attorney for Plaintiff ABF FREIGHT SYSTEMS,
                                                    INC.
12

13                                                  MELINDA HAAG
                                                    United States Attorney
14

15  DATED: 6/26/13
                                                    _____
16                                                  NEILL T. TSENG
                                                    Assistant United States Attorney
                                                    Attorneys for Defendant USA
17

18          PURSUANT TO STIPULATION, IT IS SO ORDERED.

19

20  DATED:
                                                    _____
            6/27/13                                 HONORABLE SUSAN ILLSTON
21                                                  UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER
C 10-5188 SI                                  7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "A"

Albert G. Stoll, Jr. (SBN 164649)
Courtney Cassinelli (SBN 242614)
Albert G. Stoll, Jr.-A Law Corporation
55 Francisco Street, Ste. 403
San Francisco, CA 94133
Telephone:     (415) 576-1500
Facsimile:     (415) 576-1501
Email: astoll@stoll-law.com
Email: courtney@stoll-law.com

Attorneys for Plaintiff
THOMAS MILLS

LAW OFFICES OF CLARK W. PATTEN
Clark W. Patten (SBN 77707)
1630 North Main Street, # 441
Walnut Creek, CA 94596-4609
Telephone:     (925) 258-9309
Facsimile:     (925) 258-9569
Email: cpattenesq@gmail.com

Attorney for Plaintiff
ABF FREIGHT SYSTEMS, INC.

MELINDA HAAG (CSBN 132612)
United States Attorney
ALEX G. TSE (CSBN 152348)
Chief, Civil Division
NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

        450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
        Telephone: (415) 436-7155
        FAX: (415) 436-6748
        neill.tseng@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

STIP. TO DISMISS WITH PREJUDICE ALL CLAIMS AGAINST DEFENDANT USA; [PROPOSED] ORDER
C 10-5188 SI                                1

| | |
|---|---|
| ABF FREIGHT SYSTEMS, INC., | ) CASE NO. C 10-5188 SI |
|     Plaintiff, | ) (consolidated with C 11-04663 SI) |
| | ) |
|     v. | ) |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) **STIPULATION TO DISMISS WITH** |
| | ) **PREJUDICE ALL CLAIMS AGAINST** |
|     Defendants. | ) **DEFENDANT UNITED STATES OF AMERICA;** |
| | ) **[PROPOSED] ORDER** |
| THOMAS MILLS, | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

Pursuant to Federal Rule of Civil Procedure 41(a), Plaintiff ABF FREIGHT SYSTEMS, INC.,

Plaintiff THOMAS MILLS, and Defendant UNITED STATES OF AMERICA hereby stipulate to

dismiss with prejudice the above-captioned consolidated action with respect to all claims that were

asserted by Plaintiff ABF FREIGHT SYSTEMS, INC., or by Plaintiff THOMAS MILLS against

Defendant UNITED STATES OF AMERICA.  Each party will bear its own costs and attorneys' fees.

Respectfully submitted,

ALBERT G. STOLL JR., A Law Corporation

DATED:

_____
ALBERT G. STOLL JR
Attorney for Plaintiff THOMAS MILLS


LAW OFFICE OF CLARK W. PATTEN

DATED:

_____
CLARK W. PATTEN
Attorney for Plaintiff ABF FREIGHT SYSTEMS,
INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MELINDA HAAG
United States Attorney

DATED:

_____
NEILL T. TSENG
Assistant United States Attorney
Attorneys for Defendant USA

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:

_____
HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

STIPULATION TO DISMISS WITH PREJUDICE ALL CLAIMS AGAINST DEFENDANT USA; [PROPOSED] ORDER
C 10-5188 SI                                                    3