Albert G. Stoll, Jr. (SBN 164649)
Courtney Cassinelli (SBN 242614)
Albert G. Stoll, Jr.-A Law Corporation
55 Francisco Street, Ste. 403
San Francisco, CA 94133
Telephone:    (415) 576-1500
Facsimile:     (415) 576-1501
Email: astoll@stoll-law.com
Email: courtney@stoll-law.com

Attorneys for Plaintiff
THOMAS MILLS

LAW OFFICES OF CLARK W. PATTEN
Clark W. Patten (SBN 77707)
1630 North Main Street, # 441
Walnut Creek, CA 94596-4609
Telephone:    (925) 258-9309
Facsimile:     (925) 258-9569
Email: cpattenesq@gmail.com

Attorney for Plaintiff
ABF FREIGHT SYSTEMS, INC.

MELINDA HAAG (CSBN 132612)
United States Attorney
ALEX G. TSE (CSBN 152348)
Chief, Civil Division
NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6748
    neill.tseng@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER
C 10-5188 SI                 1

| | | |
|---|---|---|
| 1 | ABF FREIGHT SYSTEMS, INC., | ) CASE NO. C 10-5188 SI |
| 2 | Plaintiff, | ) (consolidated with C 11-04663 SI) |
| 3 | v. | ) |
| 4 | UNITED STATES OF AMERICA, et al., | ) STIPULATION FOR COMPROMISE |
| 5 | Defendants. | ) SETTLEMENT AND RELEASE; [PROPOSED] ) ORDER |
| 6 | THOMAS MILLS, | ) |
| 7 | Plaintiff, | ) |
| 8 | v. | ) |
| 9 | UNITED STATES OF AMERICA, et al., | ) |
| 10 | Defendants. | ) |

It is hereby stipulated by and between Plaintiff ABF FREIGHT SYSTEMS, INC. ("Plaintiff ABF"), Plaintiff THOMAS MILLS ("Plaintiff Mills") (collectively, "Plaintiffs"), and Defendant UNITED STATES OF AMERICA ("Defendant USA"), by and through their respective attorneys, as follows:

WHEREAS, Plaintiff ABF filed civil action number C 10-5188 on November 16, 2010;

WHEREAS, Plaintiff Mills filed civil action number C 11-4663 on September 20, 2011;

WHEREAS, civil action number C 11-4663 was related to and consolidated with civil action number C 10-5188 on December 12, 2011;

WHEREAS, Plaintiffs and Defendant USA wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised, against Defendant USA in the above-captioned consolidated action, which have transpired prior to the execution of this Settlement Agreement ("Agreement");

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. **Agreement to Compromise Claims**. Plaintiffs and Defendant USA do hereby agree to settle and compromise each and every claim against Defendant USA of any kind, whether known or unknown,

arising directly or indirectly from the acts or omissions that gave rise to the above-captioned consolidated action under the terms and conditions set forth in this Agreement.

2. **Definition of "United States of America."** As used in this Agreement, the United States of America shall include its current and former agents, servants, employees, and attorneys, as well as the General Services Administration and/or its current and former agents, servants, employees, and attorneys, as well as the Federal Protective Service and/or its current and former agents, servants, employees, and attorneys.

3. **Settlement Amount**. The United States of America agrees to pay to Plaintiff Mills the sum of fifty thousand dollars ($50,000.00) ("Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which Plaintiffs or their guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America.

4. **Consideration Received by Plaintiff ABF.** Plaintiff ABF will not receive any payment from Defendant USA as a result of this Agreement, but will receive consideration in the form of a credit in its workers compensation case with Plaintiff Mills as a result of the Settlement Amount to be paid by Defendant USA to Plaintiff Mills under this Agreement. This consideration shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which Plaintiffs or their guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America.

5. **Release**. Plaintiffs and their guardians, heirs, executors, administrators or assigns hereby agree to accept the Settlement Amount and the consideration set forth in paragraph 4 above in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever

kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America on account of the same subject matter that gave rise to the above-captioned consolidated action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff Mills and his guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff Mills or his guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death. Plaintiff ABF Freight Systems, Inc. and its executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by ABF Freight Systems, Inc. or its executors, administrators or assigns against the United States for reimbursement of past or future claims for workers' compensation benefits paid to, or on behalf of, Thomas Mills, arising out of the incident that is the subject of this Stipulation for Compromise Settlement and Release.

6. **Dismissal of Action**. In consideration of the payment of the Settlement Amount, the consideration set forth in paragraph 4 above, and the other terms of this Agreement, Plaintiffs shall immediately upon execution of this Agreement also execute a Stipulation to Dismiss With Prejudice All Claims Against Defendant USA; [Proposed] Order, a copy of which is attached hereto as Exhibit A. The Stipulation to Dismiss With Prejudice All Claims Against Defendant USA; [Proposed] Order shall dismiss, with prejudice, all claims asserted in this consolidated action, or that could have been asserted in this consolidated action, against Defendant USA. The fully executed Stipulation to Dismiss With Prejudice All Claims Against Defendant USA; [Proposed] Order will be held by Defendant USA's attorney and will be filed within five (5) business days of receipt by Plaintiff Mills's attorney of the Settlement Amount.

7. **No Admission of Liability**. This stipulation for compromise settlement is not intended to be,

and should not be construed as, an admission of liability or fault on the part of the United States, and it is specifically denied that it is liable to the Plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

8. **Parties Bear Their Own Costs**. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiffs will be paid out of the Settlement Amount and not in addition thereto.

9. **Attorney's Fees**. It is also understood by and among Plaintiffs and Defendant USA that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this consolidated action shall not exceed 25 per centum of the amount of the compromise settlement.

10. **Authority**. The persons signing this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

11. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiffs, having been apprised of the statutory language of Civil Code Section 1542 by their attorneys, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights they may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiffs understand that, if the facts concerning Plaintiffs' injuries and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

12. **Payment by Check**. Payment of the Settlement Amount will be made by check drawn on the Treasury of the United States for fifty thousand dollars ($50,000.00) and made payable to "Albert G. Stoll, Jr., ALC and Thomas Mills." The check will be mailed or otherwise delivered to Plaintiff Mills's attorney at the following address: Albert G. Stoll, Jr.-A Law Corporation, 55 Francisco Street, Ste. 403, San Francisco, CA 94133. Plaintiff Mills's attorney agrees to distribute the settlement proceeds to

Plaintiff Mills. Plaintiffs and their attorneys have been informed that payment of the Settlement Amount may take sixty (60) days or more from the date that the Court "so orders" this Agreement to process.

13. **Tax Liability.** If any withholding or income tax liability is imposed upon Plaintiffs or Plaintiffs' counsel based on payment of the Settlement Amount, Plaintiffs or Plaintiffs' counsel shall be solely responsible for paying any such determined liability from any government agency. Nothing in this Agreement constitutes an agreement by the United States of America concerning the characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

14. **Construction**. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

15. **Severability.** If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

16. **Integration.** This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

| | |
|---|---|
| 1 | |
| 2  DATED: | _Thomas Mills 3-31-13_ |
| 3 | THOMAS MILLS |
|   | Plaintiff |
| 4 | |
| 5 | ALBERT G. STOLL JR., A Law Corporation |
| 6  DATED: 5/10/2013 | _[signature]_ |
| 7 | ALBERT G. STOLL JR |
|   | Attorney for Plaintiff THOMAS MILLS |
| 8 | |
| 9 | LAW OFFICE OF CLARK W. PATTEN |
| 10 DATED: | |
| 11 | CLARK W. PATTEN |
|    | Attorney for Plaintiff ABF FREIGHT SYSTEMS, INC. |
| 12 | |
| 13 | MELINDA HAAG |
|    | United States Attorney |
| 14 | |
| 15 DATED: | |
| 16 | NEILL T. TSENG |
|    | Assistant United States Attorney |
|    | Attorneys for Defendant USA |
| 17 | |
| 18 | PURSUANT TO STIPULATION, IT IS SO ORDERED. |
| 19 | |
| 20 DATED: | |
| 21 | HONORABLE SUSAN ILLSTON |
|    | UNITED STATES DISTRICT JUDGE |

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER
C 10-5188 SI                                    7

```
 1
 2  DATED:                                  _____
                                            THOMAS MILLS
 3                                          Plaintiff
 4
                                            ALBERT G. STOLL JR., A Law Corporation
 5
 6  DATED:                                  _____
                                            ALBERT G. STOLL JR
 7                                          Attorney for Plaintiff THOMAS MILLS
 8
                                            LAW OFFICE OF CLARK W. PATTEN
 9
10  DATED: 26 June 2013                     /s/ Clark Patten
                                            _____
                                            CLARK W. PATTEN
11                                          Attorney for Plaintiff ABF FREIGHT SYSTEMS,
                                            INC.
12
13                                          MELINDA HAAG
                                            United States Attorney
14
15  DATED: 6/26/13                          /s/ Neill
                                            _____
                                            NEILL T. TSENG
16                                          Assistant United States Attorney
                                            Attorneys for Defendant USA
17
18      PURSUANT TO STIPULATION, IT IS SO ORDERED.
19                                          /s/ Susan Illston
20  DATED:                                  _____
           6/27/13                          HONORABLE SUSAN ILLSTON
21                                          UNITED STATES DISTRICT JUDGE
```

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER
C 10-5188 SI                                7

# Exhibit "A"

1  Albert G. Stoll, Jr. (SBN 164649)
   Courtney Cassinelli (SBN 242614)
2  Albert G. Stoll, Jr.-A Law Corporation
   55 Francisco Street, Ste. 403
3  San Francisco, CA 94133
   Telephone:    (415) 576-1500
4  Facsimile:    (415) 576-1501
   Email: astoll@stoll-law.com
5  Email: courtney@stoll-law.com

6  Attorneys for Plaintiff
   THOMAS MILLS
7
   LAW OFFICES OF CLARK W. PATTEN
8  Clark W. Patten (SBN 77707)
   1630 North Main Street, # 441
9  Walnut Creek, CA 94596-4609
   Telephone:    (925) 258-9309
10 Facsimile:    (925) 258-9569
   Email: cpattenesq@gmail.com
11
   Attorney for Plaintiff
12 ABF FREIGHT SYSTEMS, INC.

13 MELINDA HAAG (CSBN 132612)
   United States Attorney
14 ALEX G. TSE (CSBN 152348)
   Chief, Civil Division
15 NEILL T. TSENG (CSBN 220348)
   Assistant United States Attorney
16
       450 Golden Gate Avenue, Box 36055
17     San Francisco, California 94102-3495
       Telephone: (415) 436-7155
18     FAX: (415) 436-6748
       neill.tseng@usdoj.gov
19
   Attorneys for Defendant
20 UNITED STATES OF AMERICA

21                    UNITED STATES DISTRICT COURT

22                   NORTHERN DISTRICT OF CALIFORNIA

23                        SAN FRANCISCO DIVISION

STIP. TO DISMISS WITH PREJUDICE ALL CLAIMS AGAINST DEFENDANT USA; [PROPOSED] ORDER
C 10-5188 SI                                1

| | | |
|---|---|---|
| 1 | ABF FREIGHT SYSTEMS, INC., ) | CASE NO. C 10-5188 SI |
| 2 | Plaintiff, ) | (consolidated with C 11-04663 SI) |
| 3 | v. ) | |
| 4 | UNITED STATES OF AMERICA, *et al.*, ) | **STIPULATION TO DISMISS WITH PREJUDICE ALL CLAIMS AGAINST** |
| 5 | Defendants. ) | **DEFENDANT UNITED STATES OF AMERICA; [PROPOSED] ORDER** |
| 6 | THOMAS MILLS, ) | |
| 7 | Plaintiff, ) | |
| 8 | v. ) | |
| 9 | UNITED STATES OF AMERICA, *et al.*, ) | |
| 10 | Defendants. ) | |

Pursuant to Federal Rule of Civil Procedure 41(a), Plaintiff ABF FREIGHT SYSTEMS, INC., Plaintiff THOMAS MILLS, and Defendant UNITED STATES OF AMERICA hereby stipulate to dismiss with prejudice the above-captioned consolidated action with respect to all claims that were asserted by Plaintiff ABF FREIGHT SYSTEMS, INC., or by Plaintiff THOMAS MILLS against Defendant UNITED STATES OF AMERICA. Each party will bear its own costs and attorneys' fees.

Respectfully submitted,

ALBERT G. STOLL JR., A Law Corporation

DATED:

_____
ALBERT G. STOLL JR
Attorney for Plaintiff THOMAS MILLS


LAW OFFICE OF CLARK W. PATTEN

DATED:

_____
CLARK W. PATTEN
Attorney for Plaintiff ABF FREIGHT SYSTEMS, INC.

|   |   |
|---|---|
| 1 | MELINDA HAAG |
| 2 | United States Attorney |
| 3 | DATED: |
| 4 | _____ |
|   | NEILL T. TSENG |
|   | Assistant United States Attorney |
| 5 | Attorneys for Defendant USA |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____
HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

STIPULATION TO DISMISS WITH PREJUDICE ALL CLAIMS AGAINST DEFENDANT USA; [PROPOSED] ORDER
C 10-5188 SI                                                  3